IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs November 4, 2003

## STATE OF TENNESSEE v. CEDRICK DEANDRE BROWN

**Direct Appeal from the Circuit Court for Obion County**
**No. 2-341     William B. Acree, Jr., Judge**

_____

**No. W2003-00929-CCA-R3-CD  - Filed January 2, 2004**

_____

The defendant was convicted of two counts of aggravated robbery.  He asserts that the trial court erred in denying his motion to suppress based on an unlawful stop and arrest.  We conclude that the issue has been waived by the defendant's failure to include it in his motion for a new trial.  The judgments of the trial court are affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID H. WELLES and JOE G. RILEY, JJ., joined.

Danny H. Goodman, Jr., Tiptonville, Tennessee, for the appellant, Cedrick Deandre Brown.

Paul G. Summers, Attorney General and Reporter; Braden H. Boucek, Assistant Attorney General; Thomas A. Thomas, District Attorney General; and Kevin McAlpin, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The defendant, Cedrick Deandre Brown, was convicted of two counts of aggravated robbery in violation of Tennessee Code Annotated section 39-13-402(a)(1), Class B felonies.  The trial court sentenced him to serve two nine-year, concurrent sentences in the Tennessee Department of Correction.  This appeal timely followed.  The defendant asserts that the trial court erred in denying his motion to suppress based on an unlawful stop and arrest.  We conclude that the issue has been waived by the defendant's failure to include it in his motion for a new trial.  The judgments of the trial court are affirmed.

**Facts**

Around 2:00 a.m. on August 18, 2002, the victims, Tommy Griffin and Cory Goodman, had just finished working, "tearing down" the Obion County Fair.  The two young men were waiting for

their grandfather to pick them up outside of the fairgrounds. A maroon car with three passengers passed by slowly on at least two different occasions. On the final pass, the car stopped and asked the victims if they wanted a ride. The men declined the offer, and the car drove off. A few minutes later, two of the men from the car returned on foot. They talked with the victims for a few minutes before brandishing handguns. The defendant held a gun to Griffin's chest while the co-defendant, Kenneth Moss, held a gun to Goodman's head. The perpetrators demanded money, but the victims initially would not comply. After Griffin saw the defendant pull the trigger back, he handed over his money. Goodman threw his money on the ground and the co-defendant retrieved it. The two men ran off in the direction that they had approached from. Goodman hurried inside the fairgrounds and communicated to a police officer what had just transpired. The victims described the vehicle as a maroon Buick Skylark with shiny rims.

Dave Green, one of the police officers responding to the robbery call, observed a maroon Oldsmobile that he thought might be the suspect vehicle. The vehicle pulled into a driveway and the passengers got out. The man on the passenger side, the defendant, identified himself as "Brown" and walked toward the side of the house. The driver of the vehicle was the co-defendant. Green did not believe that these people were the ones involved in the robbery and allowed them to go free. Later that night, another police officer stopped the same vehicle. At this time, the co-defendant was alone in the vehicle. Green soon arrived on the scene. The officers became suspicious because the co-defendant gave a different story than he had given earlier. The co-defendant was arrested and voluntarily gave a statement that night. The defendant was arrested a few hours later and admitted to the robbery, although he minimized his role. A gun was found several days later in the area outside of the house where the defendant was seen by Green.

**Analysis**

The defendant asserts that the trial court erred in denying his motion to suppress based on an unlawful stop and arrest. The only issue raised by the defendant in his motion for a new trial was sufficiency of the evidence. In fact, the trial court specifically asked the defendant the following question during the motion hearing: "Is the only ground for the motion is that the evidence is insufficient?" To which the defendant replied affirmatively. The defendant has waived this issue by failing to include it in his motion for a new trial. Tenn. R. App. P. 3(e); see State v. Walker, 910 S.W.2d 381, 386 (Tenn. 1995). Rule 3 states that "no issue presented for review shall be predicated upon error in the admission or exclusion of evidence . . . unless the same was specifically stated in a motion for a new trial." Tenn. R. App. P. 3(e). The defendant is not entitled to relief on this issue.

**Conclusion**

Accordingly, we hold that the suppression issue has been waived. The judgments of the trial court are affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE